UNITED STATED DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MAINE HUMAN RIGHTS COMMISSION, <br> (for the use of Shirley Carney) and <br><br> SHIRLEY CARNEY <br><br> Plaintiffs, <br><br> v. <br><br> SUNBURY PRIMARY CARE, P.A. <br><br> Defendant. | <br><br><br><br><br><br><br><br><br><br><br> Docket No. 1:09-cv-466 |

# PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT WITNESS DESIGNATION WITH INCORPORATED MEMORANDUM

NOW COMES, Plaintiff, the Maine Human Rights Commission ("the Commission"), through counsel, and moves to strike Defendant, Sunbury Primary Care, P.A.'s ("Sunbury"), expert witness designation. As grounds, the Commission states as follows:

1) The Scheduling Order in this case was issued on October 5, 2009. That Order gave Sunbury until January 25, 2010, to designate expert witnesses. Specifically, the Scheduling Order stated, in relevant part, as follows:

> Defendant(s) shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by: January 25, 2010.

2) On January 22, 2010, Sunbury moved for and received a sixty-day enlargement of the deadline to designate its expert witnesses, making the new deadline March, 26, 2010.

3) Sunbury's expert witness designation, copy attached, was served on March 26, 2010. It lists six of Plaintiff Carney's current and former medical providers, one of whom is deceased.

For each provider, Sunbury states that the witness provided care to Ms. Carney, and that the witness, "is expected to testify, consistent with the medical records previously provided to the defendant, about the type of auxiliary aid(s) or service(s) provided to Ms. Carney during her appointments as well as his [or her] opinion as to their effectiveness."

4) Since its receipt of Defendant's expert designation on March 29, 2010, the Commission has sought clarification from Sunbury of the opinions it anticipates its experts will express and the basis for those opinions.

5) To date, Sunbury has not provided a statement of the opinions its professed experts will express or the basis and reasons for those opinions. Rather, Sunbury has provided the subject matter on which the witnesses would testify, but not their opinions.

6) Sunbury provided the Commission with copies (approximately 5") of the medical records referred to in its expert designation on April 6, 2010. Despite being requested to do so by the Commission (and reminded on April 8, 2010), Sunbury has not pointed out which medical records, if any, contain the opinions that its experts are going to express.

7) The close of discovery in this case has been twice enlarged to May 28, 2010.

8) Plaintiffs cannot adequately plan for discovery concerning Sunbury's expert witnesses based on Sunbury's designation.

9) On Tuesday, April 13, 2010, Plaintiffs deposed John W. "Dutch" Stephens, PA-C, who is listed as Sunbury's first expert. Mr. Stephens was Ms. Carney's primary care provider at Sunbury and, according to Sunbury, the one who made the decision to deny Ms. Carney an interpreter. While deposing Mr. Stephens, in light of Sunbury's designation, Plaintiffs asked Mr. Stephens questions concerning the "type of auxiliary aid(s) and service(s) provided during [Ms. Carney's] appointments as well as his opinion as to their effectiveness." Mr. Stephens testified

2

that, without an interpreter, he communicated effectively with Ms. Carney using a combination of written notes, lip reading, and gestures. Although Plaintiffs expect to challenge whether Mr. Stephens is qualified to testify as an expert on this topic, the Commission does not seek to strike the designation or this testimony based on the nature of the original designation.

10) However, on April 19, 2010, Sunbury served, "Defendant's Supplemental Expert Witness Disclosure," copy attached. The supplemental designation states that Mr. Stephens will testify concerning Ms. Carney's ability to communicate effectively with him using a combination of lip reading, gestures, and writing. <u>In addition</u>, Sunbury now states that Mr. Stephens will testify concerning "the effectiveness of alternative auxiliary aids and services," again without identifying the opinions themselves or the basis for those opinions. It also states that Mr. Stephens "will give additional testimony (1) in light of the testimony elicited from Plaintiffs' expert and (2) the information obtained during discovery." These latter topics of testimony have not been previously identified. Having now already deposed Mr. Stephens, the Commission seeks to strike Sunbury's supplemental expert witness disclosure to the extent it identifies these new topics of testimony.

WHEREFORE, the Commission moves to strike (1) Sunbury's original March 26, 2010, expert witness designation with respect to all of its designated experts other than John W. "Dutch" Stephens, PA-C, and (2) the second and third sentences of Sunbury's supplemental expert witness designation.

Dated: April 20, 2010                     /s/ John P. Gause
                                          _____
                                          John P. Gause, Esq., Bar No. 8192
                                          Commission Counsel
                                          Maine Human Rights Commission
                                          51 State House Station
                                          Augusta ME 04333-0051
                                          (207) 624-6050
                                          ATTORNEY FOR MHRC


## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2010, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all registered participants.

Dated: April 20, 2010                     /s/ John P. Gause_____

                                          Attorney for Plaintiff,
                                          Maine Human Rights Commission