UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MAINE HUMAN RIGHTS COMMISSION, ET AL. | * * |
| Plaintiffs, | * * |
| v. | * Civil no. 1:09-CV-00466-JAW * |
| SUNBURY PRIMARY CARE, P.A. | * * |
| Defendant | |

**AMENDED CONSENT DECREE**

This is a public Consent Decree between the Maine Human Rights Commission ("the Commission") and Sunbury Primary Care, P.A. ("Sunbury").

1) In this complaint, the Commission alleged that Sunbury violated the Maine Human Rights Act, 5 M.R.S.A. § 4592(1)(C), by failing to provide effective communication to a patient who is deaf by not providing the patient an ASL interpreter. Sunbury denies liability, and the parties desire to resolve this action without the time and expense of continued litigation.

2) The Commission is an independent Commission empowered by the Maine Human Rights Act to file civil actions in its name for the use of victims of alleged discrimination in the Maine Superior Court seeking appropriate relief.

3) Sunbury is a Maine corporation headquartered in the City of Bangor, County of Penobscot, State of Maine, which of owns and does business as Corinth Family Medicine.

4) This action was properly removed to this Court from the Maine Superior Court, and Sunbury and the Commission consent to the jurisdiction of this Court.

5) Sunbury is hereby enjoined from violating the Maine Human Rights Act, 5 M.R.S.A. §4592(1)(C), as it relates to taking steps that may be necessary to ensure that no hearing impaired individual is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

6) Sunbury will pay Shirley Carney $7,500.

7) Sunbury will amend its existing "Policy and Procedure on Accommodations for Hearing-Impaired Persons," adopted by Sunbury on January 11, 2007, and provide any current or future Sunbury patient who is deaf with a qualified interpreter, upon request of the patient, for any visit that is likely to involve interactive communication between the hearing impaired patient and a Sunbury provider regarding a substantive medical issue.

8) Sunbury will adopt and implement policies that are reasonably designed to educate its hearing impaired patients of their rights and Sunbury's providers and staff of their responsibilities under Sunbury's revised Policy.

9) This Consent Decree is as an order within the meaning of 5 M.R.S.A. §4613(2)(B)(7).

10) For all purposes other than the continuing nature of this Consent Decree as an order within the meaning of 5 M.R.S.A. §4613(2)(B)(7), this Consent Decree, including, but not limited to paragraph 5, will remain in effect for three years from the date that it is signed by this Court.

11) This Consent Decree may be amended by mutual agreement of the parties to the Decree, with the approval of this Court.

12) Other than the effect of this Consent Decree on future Maine Human Rights Act

claims under 5 M.R.S.A. §4613(2)(B)(7), and Shirley Carney's right to enforce paragraph 6 above, only the Commission and Sunbury have standing to enforce the provisions of this Consent Decree.

13) The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution. However, in the event of a failure by Sunbury to perform in a timely manner any act required by this Consent Decree or otherwise to act in conformance with any provision thereof, Shirley Carney (with respect to paragraph 6 only) or the Commission may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed.

14) This Court will retain jurisdiction to resolve any dispute arising under this Consent Decree. In all other respects, upon approval and entry by the Court of the Consent Decree, the Commission's action against Sunbury will be dismissed with prejudice and without costs.

15) This Consent Decree shall not limit the Commission's authority in any way other than that it will dismiss the pending complaint with prejudice and without costs.

Dated: September 7, 2011 /s/John A. Woodcock, Jr.
_____
Chief U.S. District Judge

Dated: September 6, 2011 /s/ Robert C. Brooks
_____
Robert C. Brooks, Esq., Bar No. 7387
Verrill Dana, LLP

PO Box 586
Portland ME 04112-0586
(207)774-4000
Attorney for Sunbury Primary Care, P.A.

Dated: September 6, 2011         /s/ John P. Gause
                                 _____
                                 John P. Gause, Esq., Bar No. 8192
                                 Commission Counsel
                                 Maine Human Rights Commission
                                 51 State House Station
                                 Augusta ME 04333-0051
                                 (207) 624-6050
                                 Attorney for the Commission